LEVERETT SALTONSTALL *vs.* GEORGE W. BANKER & others.

A steam engine erected in a building situated on State Street in Boston, under a license from the board of aldermen, and with the safety plug required by law, is not a nuisance; and the landlord is not liable to third persons for any injury resulting to them from its maintenance or use by the tenant.

ACTION on the Rev. Sts. *c.* 104, to recover possession of two brick stores on State Street in Boston. The case was submitted to the court upon the following statement of facts :

The plaintiff, being the owner of the stores, agreed in writing to let them to the defendants for six years. After the making of the agreement, and before the commencement of the term, the defendants, with the consent of the plaintiff, bought the unexpired leases of the premises, and took possession of the stores, and put in a steam engine and machinery for grinding drugs, without the plaintiff's consent; and their design to erect such engine was not communicated to him when the agreement was made. The occupants of neighboring buildings complained to the plaintiff of the erection of the engine, and threatened to hold him liable for any damage resulting from the use of it. The plaintiff declined to execute and deliver the lease stipulated for in the agreement, on the ground that he would be thus liable, in case of injury to third persons by explosion of the boiler of the engine ; and he demanded a removal of the boiler, or a bond of indemnity from the defendants ; and on their refusing to make either, this action was brought.

It is admitted that the boiler and engine are of fair cost and quality, and are furnished with a safety plug, and that the erection of the same on the premises by the defendants was duly licensed by the mayor and aldermen of the City of Boston.

It is agreed that if the erecting the steam engine on the premises by the defendants at the time and under the circumstances set forth, or its future use by the defendants, would make th plaintiff responsible for injury caused by the explosion of the boiler, (whether arising from the negligence of the defendants' servants or not,) that then judgment is to be entered for the

plaintiff; but if he would not, under these circumstances, be liable to any third party for any damage caused by said engine, he shall become nonsuit.

   L. *Saltonstall, pro se.*

   C. W. *Loring,* for the defendants.

   MERRICK, J.   This is a process under the landlord and tenant acts, prosecuted by the plaintiff to obtain possession of two stores situate in State Street in the City of Boston, which are owned by him, but are now held and occupied by the defendants. It is conceded by the plaintiff — and the argument in his behalf in support of the present proceeding, is placed wholly upon that ground — that unless it shall be adjudged by the court, that the steam engine erected by the defendants on the premises is, under the circumstances recited in the statement of facts, a public or private nuisance, this action cannot be maintained. We think it is perfectly clear that no such adjudication can be made. The law does not anywhere peremptorily declare that such a machine erected in a locality like that where this is placed, and to be used for the purposes for which this is said to be intended, is in fact, or is to be deemed and therefore treated as a nuisance. Stationary steam engines designed for use in any mill for planing or sawing of boards, or turning wood in any form, or where any other fuel than coal is used to create steam, are declared by statute to be nuisances, if erected or put up in any town or city of this commonwealth without a license therefor duly granted, or if they shall be used in any way contrary to the orders, rules and restrictions which may have been lawfully made concerning the building in which they are placed, the construction and height of the several smoke flues, and other particulars deemed material and requisite to the safety of the neighborhood. *St.* 1845, *c.* 197, §§ 1–3. And by another statute, any steam engine is to be deemed and taken to be a common nuisance, if it is used after the mayor and aldermen of any city or the selectmen of any town shall have issued a temporary order to suspend its use, because it appears to them to be unsafe; or if it is used after those officers, having first adjudged such engine unsafe or defective, shall have passed a

permanent order prohibiting its use until it shall have been rendered safe.   *St.* 1852, *c.* 191, § 1.

It is not pretended that the steam engine erected by the defendants on the premises has ever been put in operation contrary to the spirit, or in violation of any of the provisions of these statutes; nor is there anything disclosed in the statement of facts, from which it can legitimately be inferred that it has a any time been an annoyance to the public at large, or rendered the enjoyment by any individual of his life or property either unsafe or uncomfortable.   It is not shown therefore to be an illegal structure, subject to be abated, or making its proprietors responsible for its continued existence, either as a public or a private nuisance.   Rosc. Crim. Ev. (3d ed.) 659.   Bac. Ab. Nuisance, A.   We do not mean to say that a steam engine may not, in consequence of its construction, location or employment, become a public or private nuisance, even if its proprietor violates none of the special and positive provisions of the statutes of this commonwealth, by which the use of such powerful machinery is intended to be regulated and controlled.   But in this case the fact is not established.   The defendants deny that their engine is on any account or for any reason obnoxious to any legal objection.   And as the circumstances shown in the statement of facts agreed to by the parties do not prove it to be a nuisance, it follows as a necessary consequence of the plaintiff's own concession that his action cannot be maintained.

Without regard to that concession, it may be laid down in broader terms, that a landlord is not responsible to other parties for the misconduct or injurious acts of the tenants to whom his estate, when no nuisance or illegal structure existed upon it, has been leased for a lawful and proper purpose.   In the case of *Rich* v. *Butterfield*, 4 C. B. 183, the law is accurately stated by Creswell, J., in these words : " If a landlord lets premises not in themselves a nuisance, but which may or may not become a nuisance, and it is entirely at the option of the tenant so to use them or not, and the landlord receives the same benefit whether they are or not, he cannot be made responsible for the acts of his tenant."   S. P. *Lowell* v. *Spaulding*, 4 Cush. 277.   It would be

17 *

otherwise, if the nuisance existed at the time of the demise. *The King* v. *Pedly,* 1 Ad. & El. 822, and 3 Nev. & Man. 627.

If this objection to the maintenance of the action could be obviated, there are others which might perhaps be successfully arged ; but as the plaintiff concedes that the defendants must, prevail, unless the court first adjudge that their engine is a nuisance, it is unnecessary to take them into consideration.

*Plaintiff nonsuit.*